## CITY OF TITUSVILLE v. McRAVEN.
No. 2252.

Circuit Court, Brevard County, Criminal Appeal.

April 8, 1966.

See the next reported case, State v. Giera.

H. T. Cook, General Attorney, Florida East Coast Ry. Co., and Paul L. Martz, both of St. Augustine, for appellant.

Robert G. Ferrell, III and David M. Porter, both of Titusville, for appellee.

WILLIAM G. AKRIDGE, Circuit Judge.

This is an appeal from the municipal court, city of Titusville, wherein conviction and judgment was entered against James Patrick McRaven, as defendant, the appellant herein, for the offense of driving a vehicle across state road 50 and then and there failing to yield the right of way, thus causing an accident, contrary to the ordinances of the city of Titusville.

The evidence shows that James Patrick McRaven is employed by a railroad as a "high rail" operator. The physical appearance of this high rail device is that of a station wagon adapted with flanged steel wheels which can be manually lowered for operation on track or raised for conventional driving on rubber tires on highways. When the flanged wheels are lowered the device operates only in the same manner as a train, that is forward or backward

but not deviating to the left or right from the direction to which the rails confine it.

On the evening of August 3, 1965 the defendant was operating this device preceding a train over the tracks through the city of Titusville. A vehicle collided with the defendant at the railroad crossing over state road 50. The incident was investigated by members of the Titusville police department, one of whom then summoned the defendant to appear before the municipal court of the city of Titusville for failure to yield right of way.

Thereafter the defendant filed a motion to quash and/or dismiss, which was denied. Thereupon a trial was had upon the merits. Pursuant to the subsection of the Municipal Code which makes the commission of a misdemeanor against state law an offense against the city of Titusville (Code of the City of Titusville 15-23), the defendant was prosecuted for and found guilty of violation of Florida Statute 317.401 which governs right of way for vehicles at intersections. It is from this judgment that the defendant now appeals to this court.

Section 317.401 contains several right of way situations, including —

(a) a vehicle which has entered an intersection prior to another vehicle (Florida Statute 317.401(1);

(b) two vehicles which enter an intersection simultaneously (Florida Statute 317.401(2); and

(c) entering paved highways from unpaved highways (Florida Statute 317.401(3) and (4).

The court finds that a railroad crossing a highway is not an intersection as defined by section 317.401 and consequently the the judgment or conviction in this case must be reversed.

The Highway Code expressly defines an intersection to be — " . . . the lateral boundary lines of the roadways of two highways which join one another." (Florida Statute 317.011(17) (a). Inherent in this definition of an "intersection" is the requirement of two highways whch must be composed of two roadways. The Highway Code also defines these two subjects —

Roadway — "That portion of a highway improved, designed, or ordinarily used for vehicular travel.. . . ". (Florida Statute 317.011(43).

Highway — "Entire width between the boundary lines of every way or place of whatever nature when a part thereof is open to the use of the public for purposes of vehicular traffic." (Florida Statute 317.011(53))

174

A railroad track is neither a roadway nor a highway and is not improved, designed or ordinarily used for vehicular travel and not open to the use of the public for purposes of vehicular traffic. (Florida Statute 317.011(53))

The court having determined that the judgment and conviction must be reversed on the grounds heretofore set forth does not feel that it is ncessary to discuss the other assignments of error. The judgment of conviction is therefore reversed and the appellant ordered discharged therefrom and the charges dismissed.